UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES,** | ) |
| | ) |
| v. | ) Criminal No. 01-cr-0396-1 (ESH) |
| | ) |
| **ABDUR R. MAHDI,** | ) |
| | ) |
| Petitioner. | ) |
| | ) |

### MEMORANDUM OPINION & ORDER

Before the Court are motions filed by petitioner Abdur R. Mahdi pursuant to Federal Rule of Civil Procedure 60(b) to reopen his motion under 28 U.S.C. § 2255 due to several alleged errors by his § 2255 counsel on appeal. (*See* Mot. to Vacate, ECF No. 951; *see also* Mot. to Reopen, ECF No. 952.)  For the reasons stated herein, the Court concludes that it lacks jurisdiction over Mahdi's motion, as it is in essence a second or successive motion under § 2255 that must be brought to the Court of Appeals in the first instance.  *See* 28 U.S.C. § 2255(h).

### BACKGROUND

"Beginning in April 2003, Abdur Mahdi was tried on forty-nine D.C. and federal counts, including racketeering, narcotics distribution, perjury, obstruction of justice, assault with a dangerous weapon, and first degree murder." (*See* March 24, 2016 Mem. Op. at 1, ECF No. 946).  The jury found him guilty on forty-eight counts.  On direct appeal, the Court of Appeals concluded that six counts related to narcotics possession and possession with intent to distribute should have merged.  (*See id.* at 2.)  "For these [forty-two remaining] offenses, Mahdi was sentenced to multiple concurrent life sentences, followed by one seven–year and five twenty-five-year consecutive sentences for the six Federal Firearm Convictions." (*Id.*)

Mahdi filed a *pro se* motion to vacate under § 2255 on October 17, 2011, raising ineffective assistance, prosecutorial misconduct, and constitutional and statutory violations caused by the prosecutor's charging decisions. (*See id.* at 3.) This Court appointed appellate counsel to represent Mahdi in the § 2255 proceedings. The parties filed motions and conducted limited discovery, and on November 16–18, 2015, an evidentiary hearing was held. (*See id.* at 5.) During the hearing, the Court concluded that Mahdi's only remaining claim was his ineffective assistance claim, to which Mahdi agreed. (*See id.* at 6.) However, after the hearing, Mahdi submitted a response including three new claims. (*See id.* at 7.) In an opinion filed March 24, 2016, the Court denied Mahdi's § 2255 motion on the merits and declined to issue a Certificate of Appealability ("COA").

Mahdi appealed. However, according to the instant motion, Mahdi's counsel presented only a subset of the claims that were before this Court to the Court of Appeals. (*See* Mot. to Vacate at 4-5.) In January 2017, Mahdi's counsel informed him that the Court of Appeals had denied his motion. (*See id.* at 5.) The letter counsel sent to Mahdi, appended to his motion, informed Mahdi that "[t]he D.C. Circuit . . . den[ied] your motions for a Certificate of Appealability and to appoint counsel, and den[ied] permission to file a second or successive § 2255 petition[.]" (*See* Becker Letter, ECF No. 951-1.) It also stated that "28 U.S.C. § 2244(b)(3)(E) says you cannot appeal a denial of request for permission to file a second or successive petition." (*Id.*)

On April 16, 2018, Mahdi filed the instant motion under Federal Rule of Civil Procedure 60(b). He alleges that he is entitled to relief under Rule 60(b) because his § 2255 counsel (1) abandoned several of his claims before the Court of Appeals; (2) failed to inform him that he could appeal his denial of a COA from the Court of Appeals to the Supreme Court; and (3) failed

2

to petition to reopen his case before the Court of Appeals following *Buck v. Davis*, 137 S. Ct. 759 (2017).

## ANALYSIS

### I. Legal Standards

"A second or successive motion [under § 2255] must be certified . . . by a panel of the appropriate court of appeals to contain" certain newly discovered evidence or the availability of a new, retroactively applicable rule of constitutional law before it can be entertained by a district court. *See* 28 U.S.C. § 2255(h); *see also United States v. Arrington*, 763 F.3d 17, 23 (D.C. Cir. 2014) ("[A] movant who seeks to bring a second or successive § 2255 motion must obtain pre-filing authorization from a panel of the appropriate court of appeals." (internal quotation marks omitted)). Such certification is obtained as provided in 28 U.S.C. § 2244. *See* 28 U.S.C. § 2255(h).

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for one of five enumerated grounds or for "any other reason that justifies relief." Such motions must be made "within a reasonable time," which is defined as "no more than a year" for motions made under Rule 60(b)(1)–(3). While the rule "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," the Supreme Court has cautioned that such authority "should only be applied in extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal quotation marks omitted).

The Supreme Court concluded in *Gonzalez v. Crosby*, 545 U.S 524 (2005), that although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "did not expressly circumscribe the operation of Rule 60(b)[,] . . . [u]sing Rule 60(b) to present new claims for

3

relief from a . . . judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 529–31. Nevertheless, a 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings," rather than the substance of the district court's resolution on the merits, should *not* be treated as a second or successive motion. *See id.* at 532. This is because such motions do not "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531. The Court of Appeals has applied the reasoning of *Crosby*—which analyzed the claim of a state petitioner pursuant to 28 U.S.C. § 2254—to § 2255 cases as well. *See Arrington*, 763 F.3d at 22.

## II.     Mahdi's motion attacks the merits of his previous § 2255 denial, and thus must satisfy § 2255(h)'s requirements for a second or successive motion.

Although Mahdi attempts to cast his motion as falling within Rule 60(b), it is squarely within the category of motions that *Crosby* describes as "in substance a successive habeas petition." *Crosby*, 545 U.S. at 531.

Mahdi first claims that his counsel on appeal for his § 2255 was ineffective because he failed to include several claims that were included in the proceedings before this Court that Mahdi wished to make on appeal. However, this type of claim is directly addressed in *Crosby*. There, the Supreme Court cited a case from the United States Court of Appeals for the Second Circuit, *Harris v. United States*, 367 F.3d 74 (2d Cir. 2004), as a paradigmatic example of a case in which "a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Crosby*, 545 U.S. at 531. In *Harris*, the petitioner argued that he should receive relief under Rule 60(b) because "he was prejudiced by [his lawyer's] omission as habeas counsel [of a claim] in the initial habeas proceeding." *See* 367

4

F.3d at 82.[1] Mahdi makes the same argument as the defendant in *Harris*, and therefore, the Court must reach the same result, as required by *Crosby*. *See* 545 U.S. at 532 n.5 ("[A]n attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.").

Mahdi's other claims fare no better. He argues that this §2255 counsel failed to inform him of his right to petition the Supreme Court to review his denial of a COA and failed to petition to reopen his case before the Court of Appeals in light of *Buck v. Davis*, 137 S. Ct. 759 (2017). Allowing either of these claims to go forward without certification from the Court of Appeals would circumvent AEDPA's requirements. *See Crosby*, 545 U.S. at 531 ("Using Rule 60(b) to present new claims for relief from a . . . judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."). Neither present a "defect in the integrity of the . . . proceedings" that would allow this Court to review the issues as part of a properly filed Rule 60(b) motion.[2] *See id.* at 532.

---

[1] Although the Court of Appeals in *Harris* treated the petitioner's argument as one that went to "the integrity of his habeas proceedings," and thus considered the Rule 60(b) motion on the merits, *see Harris*, 367 F.3d at 81–82, the Supreme Court's opinion in *Crosby* makes it clear that this Court should consider such motions as "in substance a successive habeas petition." *Crosby*, 545 U.S. 531.

[2] Even if the Court concluded these claims did present "defect[s] in the integrity" of Mahdi's § 2255 proceedings, they would not succeed under Rule 60(b)'s "extraordinary circumstances" standard. *See Crosby*, 545 U.S. at 536. There is no suggestion that the Court of Appeals' denial of Mahdi's request for a COA went to the merits, as was forbidden by the Supreme Court in *Buck*. (*See* Order of the Court of Appeals, ECF No. 950); *see also Buck*, 137 S. Ct. at 774 ("A court of appeals should limit its examination at the COA stage to a threshold inquiry into the underlying merit of the claims, and ask only if the District Court's decision was debatable." (internal quotation marks and brackets omitted)). Moreover, while the Supreme Court *does* have jurisdiction to review the denial of a COA, *see Hohn v. U.S.*, 524 U.S. 236, 239 (1998), a

Case 1:01-cr-00396-ESH   Document 967   Filed 08/19/20   Page 6 of 6

**CONCLUSION**

For the reasons stated above, the Court concludes it lacks jurisdiction to decide Mahdi's motions. If Mahdi wishes his arguments to be addressed, he must first file a motion with the Court of Appeals asking for pre-filing certification. *See* 28 U.S.C. § 2255(h). In the interests of justice, the Court hereby transfers these motions (ECF Nos. 951-52) to the Court of Appeals, *see* 28 U.S.C. § 1631, so that he may ask for such a certification.



ELLEN S. HUVELLE
United States District Judge

Date: August 19, 2020

---

criminal defendant has no right to counsel at the petition for a writ of certiorari stage. *See United States v. Morrow*, 102 F. Supp. 3d 232, 267 (D.D.C. 2015). It is widely recognized that "a defendant cannot be rendered constitutionally ineffective assistance of counsel [where] no right to counsel exists." *See id.* Moreover, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion." *See id.* at 268. The Court concludes that Mahdi has not shown prejudice caused by his counsel's omission, even assuming *arguendo* that his counsel was constitutionally ineffective by failing to inform him of his right to proceed *pro se*. *See id.* at 267 & n.21.

6