Let this be filed.

*Paul L. Friedman*
PAUL L. FRIEDMAN
United States District Judge

DATE: 1/13/25

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**United States of America,
Plaintiff,**
v.
**Abdur Mahdi,
Defendant.**

Case No. 01-cr-396-PLF

**DEFENDANT'S MOTION TO REMOVE CASE FROM ABEYANCE**

COMES NOW, the Defendant, Mr. Abdur Mahdi, proceeding pro se, respectfully moves this Honorable Court to remove his case from abeyance. In support of this motion, Mr. Mahdi states as follows:

**1.** In July, 2024, the Defendant, through undersigned counsel, moved to place this case in abeyance pending a decision to file a Motion for Compassionate Release, which may have rendered the pending 28 U.S.C. § 2255 proceedings moot.

**2.** This Court granted Mr. Mahdi's Motion and placed the case in abeyance.

**3.** Mr. Mahdi, now proceeding pro se with the assistance of Mr. Henry P. Richardson, an experienced criminal defense paralegal, has conducted extensive legal research regarding this matter.

**4.** The Defendant respectfully requests this Court remove the case from abeyance for the following reasons:

a. It has been determined that a Motion for Compassionate Release and a Motion for Sentence Reduction under the First Step Act of 2018 are not the appropriate motions to resolve the pending matter at this time.

b. After several months of legal research, it has been further determined that Mr. Mahdi's Memorandum in Support of his Motion for a Full Resentencing Hearing is the appropriate motion to resolve this matter.

c. The Defendant has demonstrated, through counsel in his Supplemental § 2255 Motion, that Counts 27 through 32 (18 U.S.C. § 924(c)) must be vacated as the convictions violate due process (See ECF No. 979).

d. The Government has conceded in its response that at least some of Mr. Mahdi's § 924(c) convictions must be vacated, though not all (See ECF No. 993).



**RECEIVED**
DEC 2 6 2024
Clerk, U.S. District and
Bankruptcy Courts

e. Under the "sentencing package doctrine," Mr. Mahdi is entitled to a full resentencing hearing because the Government has conceded that at least one of the § 924(c) convictions must be vacated. This concession alone requires this Court to conduct a full resentencing hearing.

**5.** The Defendant's pending § 2255 Motion addresses the legal question of whether the § 924(c) convictions must be vacated because the underlying predicate offense is not categorically a crime of violence for purposes of § 924(c) in Counts 27 through 32. This legal issue cannot be addressed through a Motion for Compassionate Release or a Motion for Sentence Reduction under the First Step Act of 2018.

**6.** This Court must first determine how many of Mr. Mahdi's § 924(c) convictions must be vacated, if not all, before permitting the Defendant to file a Motion for Compassionate Release or Sentence Reduction under the First Step Act.

**7.** Mr. Mahdi further asserts that this Court has the discretion to correct his overall sentence and reconsider the relevant sentencing factors under 18 U.S.C. § 3553(a). This may render moot any future motions filed under the First Step Act, as the "sentencing package doctrine" authorizes such relief.

**8.** For the foregoing reasons, Defendant respectfully requests this Honorable Court:
a. Remove the case from abeyance;
b. Grant Defendant's pending Motion for Relief under 28 U.S.C. § 2255;
c. Vacate Defendant's § 924(c) convictions as previously requested; and
d. Remand this case for a full resentencing hearing as deemed appropriate by the Court.

Respectfully submitted,
**/s/ Abdur Mahdi**
Reg. No. [Inmate Number]
FCI Gilmer
P.O. Box 6000
Glenville, WV 26351
**Defendant, Pro Se**

Prepared by:
**Henry P. Richardson**
Criminal Defense Paralegal
Student ID #08036499
Blackstone Career Institute
P.O. Box 3717
Allentown, PA 18106

**CERTIFICATE OF SERVICE**

I hereby certify that on [Date], I mailed a copy of the foregoing Motion to the Clerk's Office of the United States District Court for the District of Columbia and served a copy on all parties of record.

**/s/ Abdur Mahdi**
Defendant, Pro Se